# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CARLOS RUIZ,

    Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRECTIONS et al.,

    Defendants.

3:17-cv-00643-RCJ-WGC

**ORDER**

Plaintiff Carlos Ruiz, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights Complaint under 42 U.S.C. § 1983, attached to an application to proceed in forma pauperis. The Court now screens the Complaint under 28 U.S.C. § 1915A.

**I.    LEGAL STANDARDS**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous or malicious, fail to state a claim, or seek monetary relief from an immune defendant. Id. § 1915A(b). This includes claims based on fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Also, when a prisoner seeks to proceed without prepayment of fees, a court must dismiss if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

When screening claims for failure to state a claim, a court uses the same standards as under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To state a claim under § 1983, a plaintiff must allege (1) violation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. ANALYSIS

Plaintiff lists two nominal counts but lists the same eight provisions of law under each. Plaintiff alleges that since December 2016, Defendants have failed to treat his back pain and refused him continued use of a back brace despite his limited mobility, trouble standing for long periods of time, fatigue, numbness, and pain. He alleges his request for a lower bunk has been ignored. He also appears to allege that the refusal to treat him is retaliation for one or more grievances.

### A. Deliberate Indifference Under the Eighth Amendment

Plaintiff makes allegations about his pain not being sufficiently treated and not being given a bottom bunk. He alleges his back brace was taken away, that a follow-up appointment for his condition was delayed for an unspecified period, and that his ibuprofen was withheld for an unspecified period of time. The Court cannot determine, given the few allegations, that any

Defendant has been deliberately indifferent to Plaintiff's serious medical needs. At most, he has alleged that he has back pain that is not being treated to his satisfaction. This is insufficient to state either the objective or the subjective prong of an Eighth Amendment deliberate indifference claim as against any particular Defendant. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This claim is dismissed, with leave to amend.

### B.    The First Amendment and 42 U.S.C. § 1997d

Plaintiff concludes the refusal to treat his back pain and the taking of his back brace was "d[ue] to medical costs and reprisal to redress of gr[ievances]." But Plaintiff makes no factual allegations that support that conclusion, *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004), not even a bare temporal proximity between his complaint(s) and the alleged reprisal(s), *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001); *Curley v. City of N. Las Vegas*, 772 F.3d 629, 634 (9th Cir. 2014). Accordingly, he has stated no retaliation claim but will be given leave to amend. Plaintiff also invokes 42 U.S.C. § 1997d, but that statute concerns retaliation against those who report prison conditions that precipitate an action by the U.S. Attorney General under § 1997a. Plaintiff makes no allegation concerning any action under § 1997a. Accordingly, this claim is also dismissed, with leave to amend.

He also alleges that one or more Defendants delayed a response to one of his grievances in order to hinder or discourage his complaints, which the Court may read either as a retaliation claim or as a claim for denial of the right to petition for redress of grievances. As to retaliation, a prisoner of ordinary firmness could not have had his complaints chilled in this way, *Rhodes*, 408 F.3d at 568–69, because a grievance is immediately exhausted if no timely response is received, *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017). It would be counterproductive for a corrections defendant aiming to frustrate a grievance to refuse a response, because responding according to the normal timeline within a multi-level grievance system will delay a civil claim

longer than refusing to timely respond at any intermediate stage. *See id.* And Plaintiff does not allege that any claim was in fact frustrated via any delay in processing his grievances, so an access-to-the-courts claim fails. The First Amendment claims are dismissed, with leave to amend.

### C. 34 U.S.C. § 12361[1]

This statute creates a cause of action for victims of violent crimes motivated by gender. Plaintiff makes no allegation of having been the victim of a violent crime. This claim is dismissed, with leave to amend.

### D. The Americans with Disabilities Act ("ADA")

Plaintiff cites the definitions section of the ADA, 42 U.S.C. § 12131. Presumably, he means to bring a claim under the ADA. The ADA applies to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209–10 (1998). But Plaintiff has stated no claim. He appears to imply a failure-to-accommodate-type claim, i.e., the failure to assign him to a lower bunk. But although he alleges back pain and "limited mobility," he has not alleged that he has a disability such that he cannot climb to an upper bunk. Nor has he alleged which Defendant(s) refused to assign him an upper bunk when requested. He simply indicates a fear of further injury, e.g., if he falls from an upper bunk. This claim is dismissed, with leave to amend.

### E. Nevada Revised Statutes Sections ("NRS") 209.131, 209.131(5), and 209.151

Plaintiff invokes a statute giving the NDOC Director the duty of ensuring that employees with the responsibility to oversee the security and safety of offenders are correctional officers who have the powers of a peace officer. Plaintiff also invokes a statute concerning the NDOC Director's duty to appoint deputy directors. Plaintiff makes no allegations implicating these

---

[1] Plaintiff invokes this statutory provision under it's previous numbering, 42 U.S.C. § 13981.

statutes. Nor do there appear to be any causes of action available for their alleged violation. These claims are dismissed, without leave to amend.

**F.     Amendment**

Plaintiff is given leave to amend to cure the deficiencies, as noted. An amended complaint supersedes the original, so it must be complete in itself. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012). Plaintiff must file the amended complaint on the approved prisoner civil rights form, and it must be titled "First Amended Complaint." Plaintiff must file the amended complaint within twenty-eight (28) days from the date of this Order, or the Court may dismiss the entire action with prejudice without further notice.

**CONCLUSION**

IT IS HEREBY ORDERED that a decision on the Application to Proceed in Forma Pauperis (ECF No. 1) is DEFERRED.

IT IS FURTHER ORDERED that the Clerk shall file the Complaint (ECF No. 1-2).

IT IS FURTHER ORDERED that the Complaint is DISMISSED, with leave to amend in part, as noted herein, within twenty-eight (28) days of this Order.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff the approved form for filing a § 1983 complaint, instructions, and a copy of the Complaint (ECF No. 1-2). Plaintiff must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The Court will screen the amended complaint in a separate screening order, which may take several months. If Plaintiff does not timely file an amended complaint, the Court may dismiss the entire action with prejudice without further notice.

IT IS SO ORDERED.

Dated this 9th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge