UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS RUIZ,<br><br>    Plaintiff<br><br>v.<br><br>ROMEO ARANAS, et. al.,<br><br>    Defendants | Case No.: 3:17-cv-00643- RCJ-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 78, 79 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Preliminary Injunction for Plaintiff to be Seen by an Orthopedic Specialist. (ECF Nos. 78, 79.)[1] Defendants filed a response. (ECF Nos. 81, 81-1 to 81-4.) Plaintiff filed a reply. (ECF No. 82.) The court held several hearings on Plaintiff's motions (ECF Nos. 85, 96, 101, 111, 116), and the parties filed supplemental records and status reports (ECF Nos. 86, 88-1, 94, 95, 97, 99, 106-1, 107, 113-1, 115-2, 117, 118, 119-1, 119-2, 119-3).

After a thorough review, it is recommended that Plaintiff's motions be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (First Amended Complaint (FAC)., ECF No. 5.) The court screened the FAC and allowed Plaintiff to proceed with an Eighth

---

[1] ECF Nos. 78, 79 are identical.

Amendment deliberate indifference to serious medical need claim against defendants Dr. Romeo Aranas, Dr. Kim Adamson, and Katherine Hegge. (ECF No. 6.)

Plaintiff filed motions for a preliminary injunction requesting that the court order that he be scheduled to be seen by an orthopedic specialist to determine a course of treatment for his orthopedic issues. (ECF Nos. 78, 79.)

## II. LEGAL STANDARD

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### III. DISCUSSION

The only relief sought by Plaintiff in his motions for preliminary injunction is that the court order that he be evaluated by an orthopedic specialist to determine a course of treatment for his orthopedic problems. (ECF Nos. 78, 79.)

This request was based on the fact that Plaintiff saw Dr. Adamson in September of 2019, and Dr. Adamson recommended that Plaintiff see Ortho Pro for a shoe insert, and that he be referred for a consultation with an orthopedist for a possible meniscus tear. (ECF No. 78 27.) When Plaintiff sent requests to follow up as to the Ortho Pro visit, he was initially told that it was

3

1  not approved, as more information was necessary. (ECF No. 78 at 30.) When he subsequently
2  asked about the status of the referral, he was told that it was not approved and the request had
3  been cancelled, and he could request another appointment if necessary. (ECF No. 78 at 31.)
4        Following the court's first hearing on Plaintiff's motion on December 2, 2020,
5  Defendants filed a declaration from NDOC Medical Director Dr. Michael Minev, stating that he
6  had arranged for an orthopedic consultation to address Plaintiff's neck, back and foot issues.
7  (ECF No. 86-1.)
8        Plaintiff saw orthopedist Dr. Mendoza in January of 2021, for his chronic neck and back
9  pain. He was assessed with chronic neck pain and spasm, cervical pain radiculopathy, and
10 chronic lumbar back pain with lumbar radiculopathy. Dr. Mendoza recommended a trial of
11 conservative treatment. He thought Plaintiff would benefit from physical therapy, and while that
12 was not available (at this prison), Plaintiff was given comprehensive core exercises. Dr.
13 Mendoza also recommended a muscle relaxant and was to follow up in six weeks. If his
14 symptoms continued, Dr. Mendoza would consider an MRI at that time. (ECF No. 99-1 at 3-6.)
15       Plaintiff saw NDOC's Dr. Marks on January 29, 2021, and Dr. Marks administered a
16 Kenalog injection, foot arch supports, and prescribed him Excedrin and Flexeril. (ECF No. 96.)
17       Dr. Marks sent a referral to an orthopedist for evaluation of Plaintiff's chronic right knee
18 pain on February 10, 2021, which was authorized. (ECF No. 99-1 at 2.)
19       Plaintiff saw Dr. Mendoza again in April of 2021, and Dr. Mendoza recommended an
20 MRI and believed Plaintiff could benefit from epidural injections. X-rays of Plaintiff's knees
21 were taken which showed some mild medial joint space narrowing bilaterally. Dr. Mendoza
22 recommended observation of the knee pain for the time being. (ECF No. 117.)
23

At the May 10, 2021 hearing, the court was advised that NDOC's Utilization Review Panel (URP) had approved Dr. Mendoza's recommendation for an MRI and epidural injections of the spine. Plaintiff was also referred to see Dr. Vacca of Sierra Neurosurgery. Plaintiff had been provided with arch supports, a knee brace, a back brace, and medications. (ECF No. 116.)

Plaintiff had his MRI of the lumbar spine on May 14, 2021. It showed minimal degenerative changes, and minimal posterior disc bulging without spinal stenosis or foraminal narrowing at some levels. (ECF No. 119-1.) Plaintiff saw Dr. Mendoza again following the MRI, and he did not recommend any further intervention for the lumbar spine. Dr. Mendoza noted Plaintiff did report persistent numbness down the right leg and had a neurology referral but had not heard back. He was instructed to follow up as needed. (ECF No. 119-2.)

In sum, the records reflect that Plaintiff's requests for a preliminary injunction should be denied as moot because he has already obtained the relief he seeks: following his filing of the motion he was scheduled to see an orthopedic specialist, and has seen Dr. Mendoza three times for evaluation of his various orthopedic concerns.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motions for a preliminary injunction (ECF Nos. 78, 79) as moot, as he has already received the injunctive relief he seeks in those motions.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

     2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 29, 2021

                                                                     _____
                                                                       William G. Cobb
                                                                       United States Magistrate Judge