UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS RUIZ,<br><br>        Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | Case No. 3:17-CV-00643-RCJ-CSD<br>Case No. 3:18-CV-00206-RCJ-CSD<br><br>**ORDER** |

      Plaintiff, Carlos Ruiz ("Ruiz"), and Defendants bring motions before the Court for trial. Ruiz's Motion consists of a request to subpoena witnesses, allow for video testimony, and to substitute James Dzurenda. Defendants also bring a Motion to Allow Video Testimony. The Court will grant in part and deny in part Ruiz's motions. The Court will grant Defendants' Motion to Allow Video Testimony.

      Ruiz is an inmate bringing a pro se prisoner civil rights action. (ECF No. 130 at 1). Ruiz's action seeks to recover for events that occurred at the Lovelock Correctional Center. (ECF No. 143 at 1-2). The mix of witnesses for this trial consists of both prisoners and prison staff that were

1  at the Lovelock Correctional Center during the event at issue. (ECF No. 119). Some of the
2  prisoners are no longer inmates, some are no longer in Nevada, and some remain inmates with the
3  Nevada Department of Corrections. (*Id*.) Some of the prison staff still live in Nevada and some do
4  not. (ECF Nos. 119, 130, 131).

5      Ruiz moves to allow the inmates who are at the Lovelock Correctional Center to appear
6  via Zoom. (ECF No. 119). Ruiz also moves to subpoena "all persons named for plaintiff as well
7  as Defendants whether defense calls them or not." (*Id*.) Defendants ask the Court to allow
8  Maribelle Henry, former culinary manager for the Lovelock Correctional Center, to appear via
9  Zoom. (ECF No. 130). Defendants also object to Ruiz's motions. (ECF No. 143).

10      The Court will allow witnesses in this action to appear via Zoom. Witnesses must appear
11  in open court for trial unless a good cause with compelling circumstances exists. Fed. R. Civ. Pro.
12  43(a). The movant bears the burden of showing that good cause exists and that appropriate
13  safeguards exist to allow for the testimony. *Id*. If the movant can make that showing, then the
14  Court shall permit testimony in open court by contemporaneous transmission from a different
15  location. *Id*.

16      For witnesses who are incarcerated, "the trial judge should take into account the costs and
17  inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any
18  potential danger or security risk which the presence of a particular inmate would pose to the court,
19  the substantiality of the matter at issue, the need for an early determination of the matter, the
20  possibility of delaying trial until the prisoner is released, the probability of success on the merits,
21  the integrity of the correctional system, and the possibility that the testimony could be presented
22  by deposition." Habeas corpus ad testificandum, Federal Trial Handbook: Civil § 21:14 (2021-
23  2022 Edition).

24

Applying the incarcerated witness factors here, the Court finds that compelling the Nevada Department of Corrections to produce the incarcerated witnesses via video conference from their current place of incarceration is not unduly burdensome and should therefore be granted. Accordingly, Ruiz's witnesses that are incarcerated within the Nevada Department of Corrections can appear via zoom. Further, Maribelle Henry can appear via Zoom because she has mobility issues and is unable to attend trial in person. However, Maribelle Hnery must appear by Zoom at the same location as the witnesses at the Lovelock Correctional Center. FRCP 43(a) only allows appearance by Zoom with appropriate safeguards. In this action, it only makes sense to have all the witnesses in Lovelock participate via Zoom in the same location with the same safeguards. Therefore, Ruiz's and Defendants' Motion to Allow Video Testimony is granted. (ECF Nos. 119, 130).

The Court will not grant Ruiz's motion as it concerns subpoenaing witnesses outside of the Nevada Department of Corrections' control. As Defendants point out, Ruiz did not identify the witnesses nor did he show that he has arranged for the appearance fee and milage of the witnesses as required in FRCP 45(b)(1). 28 U.S.C. § 1915 does not permit a district court to waive witness fees for subpoenas for plaintiffs who are proceeding in forma pauperis. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989). The Supreme Court has declared that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress...." *United States v. MacCollom*, 426 U.S. 317, 321 (1976). Therefore, Ruiz's motion is denied insofar as it requests to subpoena witnesses outside of the Nevada Department of Corrections. (ECF No. 119).

Finally, Ruiz moves to substitute James Dzurenda and the Court will grant that request. (ECF No. 131).

## CONCLUSION

IT IS HEREBY ORDERED that Ruiz's Motions are **GRANTED in part** to allow for video

testimony and to substitute James Dzurenda, but is **DENIED in part** insofar as he requests the Court to subpoena witnesses outside of the Nevada Department of Corrections. (3:18-cv-00206-RCJ-CSD (ECF Nos. 119, 131).

IT IS FURTHER ORDERED that the Attorney General's office shall confer with Plaintiff to identify inmate witnesses who will testify at trial.  Once the inmate witnesses are identified, the Attorney General's office shall notify the Court which inmates will be testifying, and make the appropriate arrangements with Lovelock Correctional Center for the identified inmates to testify by video conference.

IT IS FURTHER ORDERED that Defendants' Motions to Allow Video Testimony is **GRANTED**. (3:17-cv-00643-RCJ-CSD (ECF No. 176) and 3:18-cv-00206-RCJ-CSD (ECF No. 130).

IT IS SO ORDERED.

Dated this 21st day of April 2023.

_____
ROBERT C. JONES
United States District Judge