UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS RUIZ, <br><br> Plaintiff, <br><br> vs. <br><br> NEVADA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | 3:17-cv-00643-RCJ-CSD <br><br> **ORDER** |

Pending before the Court are Plaintiff's Motion for Filing Fee Reimbursement, (Dkt. 198), Motion to Compel Reimbursement of Filing Fees, (Dkt. 215), Motion for Extension of Time to Reply,[1] (Dkt. 216), and Motion to Compel Court's Awarded Judgment, (Dkt. 219). For the following reasons, the Court grants two of the motions, (Dkts. 198, 216), and terminates as moot the other two motion, (Dkts. 215, 219).

---

[1] Defendant, Kim Adamson, does not challenge Ruiz's Motion for Extension of Time to Reply, (Dkt. 216), and under this Court's Local Rules, "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to granting of the motion." LR 7-2(d).

Plaintiff, Carlos Ruiz, is representing himself pro se in this matter. "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants," which relieves pro se litigants "from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Ruiz secured a jury verdict in his favor with an award of $1.00, and the Court entered judgment on May 3, 2023. (Dkt. 203). The day before the Court entered judgment, Ruiz filed his motion requesting recovery of his costs, which includes $350.00 in filing fees and $28.51 in expenses. (Dkt. 198 at 1–4). One month later, he filed another motion seeking to compel the Defendant to reimburse his costs, as his first motion had not been addressed. (Dkt. 215).

Because the judgment entered by the Court did not consider the appropriateness of awarding costs, Ruiz's motion "could be construed as a motion under Rule 59." *Nutrition Distribution LLC v. IronMag Labs, LLC*, 978 F.3d 1068, 1077 (9th Cir. 2020). Rule 59(e) allows parties to file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Ruiz's motion satisfies this twenty-eight-day requirement, despite the fact that the motion was filed the day before judgment was formally entered by the Court. *Lewis v. U.S. Postal Service*, 840 F.2d 712, 713 (9th Cir. 1988) (holding that a premature Rule 59 motion which was filed "after the district court's oral announcement of its decision but before there was a written order or separate entry of judgment" is not ineffective). "When a timely Rule 59(e) motion is filed, it 'suspends the finality of the original judgment[.]'" *Phat N Sticky, LLC v. Top Shelf Led Inc.*, 2022 WL 17875777, at *1 (E.D. Wash. Dec. 22, 2022) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373 n.10 (1989)). Because Rule 59(e) motions

simply allow district courts to rectify errors in the judgment, they are "tightly tied to the underlying judgment." *Id.*

The Court finds that, as the prevailing party, Ruiz is entitled to recover costs. Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *see also* 28 U.S.C. § 1920 (allowing the clerk of the court to tax as costs certain expenses); *Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 154 (D.D.C. 2011). Under both federal law and Rule 54-1 of the Local Rules, the prevailing party "must file and serve a bill of costs and disbursements on the form provided by the clerk no later than 14 days after the date of entry of the judgment or decree." Local Rule 54-1(a); Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice."); 28 U.S.C. § 1920 ("A bill of costs shall be filed in the case[.]"). Ruiz properly filed his request for costs, along with a bill of those costs, within the fourteen-day time period, thus, the Court finds it proper to grant his request.

Because the Court has only now granted Ruiz's initial motion, (Dkt. 198), his motion to compel Defendant to pay those costs, (Dkt. 215), was premature and will be terminated as moot. Ruiz's motion seeking to compel the Defendant to pay the $1.00 awarded judgment, (Dkt. 219), is also terminated as moot because Defendant has satisfied the judgment. (Dkt. 221).

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Filing Fee Reimbursement, (Dkt. 198), is **GRANTED**. Plaintiff is entitled to $378.51 in costs against Defendant Adamson.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to Reply, (Dkt. 217), is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Reimbursement of Filing Fees, (Dkt. 215), is **TERMINATED AS MOOT**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Court's Awarded Judgment, (Dkt. 219), is **TERMINATED AS MOOT**.

IT IS SO ORDERED.

Dated: November 22, 2023.

_____
ROBERT C. JONES
United States District Judge