Carlos Ruiz #94960
NNCC, P.O. Box 7000
Carson City, Nevada 89702

Plaintiff, Pro-Per.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS RUIZ,<br>    Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>    Defendants. | Case No. 3:17-cv-00643-MMD-CSD<br><br>PLAINTIFF'S REPLY; TO DEFENDANTS'<br>RESPONSE TO PLAINTIFF'S MOTION<br>TO REOPEN CASE FOR INJUNCTIVE<br>RELIEF<br>(ECF No. 231) |

Plaintiff CARLOS RUIZ, pro-per, hereby reply's to Defendants' response to Plaintiff's motion to reopen case for injunctive relief.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF FACTS**

Plaintiff did recite the facts in his initial motion to reopen his case for injunctive relief, facts which are undisputed by counsel:

1. That the jury found that Defendant Kim Adamson violated Plaintiff's Eighth Amendment right to cruel and unusual

1

PUNISHMENT BY BEING DELIBERATELY INDIFFERENT TO HIS SERIOUS MEDICAL NEED: OSTEO ARTHRITIS WHICH WAS DIAGNOSED YEARS AFTER RUIZ STARTED TO COMPLAIN ABOUT THE ACHES AND PAINS IN HIS BACK AND JOINTS IN 2014.

IT WAS ESTABLISHED AT TRIAL THAT ADAMSON HAD DENIED PLAINTIFF A NEW BACK BRACE WHEN RUIZ SOUGHT TO TRADE IN A PREVIOUSLY ISSUED BACK BRACE. ADAMSON ADMITTED HE THOUGHT RUIZ WAS MANUFACTURING THE NEED FOR A BACK BRACE AND PAIN MEDICATIONS BECAUSE ADAMSON DID NOT BELIEVE WHAT RUIZ WAS TELLING HIM. AND, USED THAT FOR DENYING RUIZ A BACK BRACE FOR OVER A YEAR CAUSING NEEDLESS PAIN AND SUFFERING WHICH COULD HAVE BEEN TREATED.

AT THE COMPLETION OF THE TRIAL, JUDGE ROBERT C. JONES, DENIED ANY INJUNCTIVE RELIEF BECAUSE THE NDOC WAS AT THAT TIME TREATING RUIZ WITH A BACK BRACE, KNEE JOINT SLEEVE, AND PAIN MEDICATION NORMALLY PRESCRIBED FOR ARTHRITIS.

## II. LEGAL STANDARD

RUIZ CITED TO FEDERAL RULES OF CIVIL PROCEDURE RULE 65 IN SUPPORT OF HIS REQUEST TO REOPEN

the closed case for said injunctive relief specifically because the NDOC Medical Director Kenneth Williams has instituted a policy of telling all medical personnel to stop providing inmates with medical devises; such as back braces, joint sleeves, ect. He has also directed that pain medication be cut down to last for only 15 days per month, that is, if you can even receive them. This is the same thing Adamson did to Ruiz, not based upon a medical reason, but to cut costs and preserve and reduce costs of treating inmates' ailments.

Motions for reconsideration offer an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A motion for reconsideration should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence [such as Ruiz's kites and grievances complaining of the denial of a back brace, joint sleeve, and pain management], absent highly unusual circumstances, [such as the non-medical reason for denial of

TREATMENT FOR A DESEASE SUCH AS ARTHRITIS WHICH AT PRESENT, CAN NOT BE CURED BUT ONLY TREATED], SEE KONA ENTERPRISES, INC. v. ESTATE OF BISHOP, 229 F.3d 877, 883 (9th Cir. 2000)).

A MOTION TO RECONSIDER MUST PROVIDE VALID GROUNDS FOR RECONSIDERATION SHOWING SOME VALID REASON WHY THE COURT SHOULD RECONSIDER ITS PRIOR DECISION AND SET FORTH "[FACTS]" OR LAW OF A STRONGLY CONVINCING NATURE TO PERSUADE THE COURT TO REVERSE ITS PRIOR DECISION. SEE FRASURE v. UNITED STATES, 256 F.Supp. 2d 1180, 1183 (D. NEV. 2003)(CITING ALL HAWAII TOURS, CORP. v. POLYNESIAN CULTURAL CENTER, 116 F.R.D. 645, 648-649 (D. Haw. 1987), REV'D ON OTHER GROUNDS, 855 F.2d 860 (9th Cir. 1988)).

III. ARGUMENT

DEFENDANT CLAIM THAT SINCE ADAMSON NO LONGER WORKS FOR THE NDOC AND NO LONGER IS TREATING RUIZ, THAT ITS OKAY FOR ANOTHER MEDICAL PROVIDER TO TREAT RUIZ BY REFUSING TO PROVIDE HIM WITH MEDICAL APARATUS/BACK BRACE AND KNEE SLEEVE, AS WELL AS PAIN MEDICATIONS FOR ALL 30 DAYS OF A MONTH, 365 DAYS PER YEAR.[1]

---

1. THE NDOC IS CURRENTLY REQUIRING INMATES TO KITE FOR MEDICATION REFILLS 10 DAYS PRIOR TO MONTHLY ISSUED PRESCRIPTION. AND THE PRESCRIPTION IS MADE FOR A 6 MONTH PERIOD. IN ORDER TO GET A NEW 6 MONTH PRESCRIPTION, YOU MUST WAIT 2-3 MONTHS TO HAVE A DOCTOR RE-WRITE THE SCRIPT, AND WAIT 2 MORE TO BEGIN TO RECEIVE IT. CAUSING INMATES TO GO 4 TO 6 MONTHS WITHOUT

≠ 4

As the grievances and kites show, Ruiz is being told his request is "pending scheduling" which never occurs. And, that it is now a policy issue not to provide with medical devices or sufficient pain management for chronic arthritis.

Federal Rules of Civil Procedure Rule 25 allows for the substitution of a defendant. NDOC Medical Director Kenneth Williams is responsible for the creation and enforcement of all Medical Administrative Regulations 600 series, and Medical Directives.

Since it is his policy that has denied Ruiz his needed medical devices and pain management medications, he can be substituted in place of Kim Adamson.

It took Ruiz six (6) years to trial his claims in front of a jury. That jury found it was deliberate indifference by Adamson to not provide Ruiz medical care. He should not be forced to spend another 6 years relitigating his medical care on the same premise as his 2017 filing, simply because the defendant is now Kenneth Williams instead of Kim Adamson who was fired by NDOC Director Brian William on a visit to Lovelock Correctional Center in 2019-2020 for Adamson being visibly inebriated/drunk on

5

THE JOB.

## CONCLUSION

Pursuant to Fed. R. C. P. 25, substitute Kenneth Williams in as the Defendant, and order him to replace the medical devices Ruiz was using in 2023 at his trial, and medications, that were prescribed for pain management. And that, the devices be replaced as necessary or as needed every 6 months whichever is first; and, the medication will be prescribed to provide pain management for 30 days every month, and there is to be no 2 to 6 month delay in rewriting the prescriptions for pain management.

DATED: 7-15-2025

Respectfully Submitted,

Carlos Ruiz
Carlos Ruiz, Plaintiff